Randall G. Nelson
NELSON LAW FIRM, P.C.
2619 St. Johns Avenue, Suite E
Billings, MT  59102
(406) 867-7000
(406) 867-0252 Fax
rgnelson@nelsonlawmontana.com

Martha Sheehy
SHEEHY LAW FIRM
P. O. Box 584
Billings, Montana 59103-0584
Telephone: (406) 252-2004
Telefax: (866) 477-5953
msheehy@sheehylawfirm.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BH FLOW TESTING, INC., | Cause No. _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| NORTHLAND CASUALTY CO.; TRAVELERS INSURANCE CO., | |
| Defendants. | |

COMES NOW Plaintiff by and through its counsel of record, Sheehy Law Firm and Nelson Law Firm, and for its Complaint states and alleges as follows:

**JURISDICTION**

1. Plaintiff BH Flow Testing, Inc. ("BH") is a corporation organized and existing under and by virtue of the laws of the state of Montana. Its principal place of business is Sidney, Montana. As such, Plaintiff BH is a

resident and citizen of Montana.

2. On information and belief, Defendant Northland Casualty Company ("Northland") is a citizen of Minnesota and a wholly owned subsidiary of Travelers Insurance Co.

3. Defendant Travelers Insurance Company ("Travelers") is a resident and citizen of Connecticut.

4. Northland issued Policy WS094793 to BH, for the period 6/06/13 through 6/06/14. ("Policy," attached as Ex. 1.)

5. BH seeks a declaration that under Policy Number WS094793 Northland must provide for the defense and indemnity for BH for the claims asserted against the insured in a lawsuit captioned, *Zachary Scott Buckles et ux. Continental Resources Inc., et. ux.* Montana Seventh Judicial District, Richland County Cause No. DV 15-14 ("the Underlying Suit"). (Complaint, attached as Ex. 2.)

6. Venue is proper pursuant to 28 USC. Section 1391 because the policy was issued in Montana to a Montana citizen; the lawsuit for which coverage must be determined is venued in Billings, Montana; the Defendants reside in Minnesota and Connecticut; and the contract and obligations at issue in this case must be interpreted under Montana law.

7. Subject matter jurisdiction is based on 28 U.S.C. Section 1332. This action involves a controversy between citizens of different states and the amount in controversy exceeds $75,000.00, given the policy limits of $1,000,000 each

occurrence, and Buckles' assertion that damages exceed that amount.

8. Subject matter jurisdiction is alternatively based upon the Declaratory Judgment Act, 28 U.S.C. Section 2201 (a).

**THE UNDERLYING COMPLAINT**

9. In the Complaint filed in the Underlying Suit, Plaintiff asserts the following causes of action against BH: negligence; emotional distress; loss of consortium arising from the death of Zachary Buckles at an oil well site in North Dakota on April 28, 2014. (Ex. 2.)

10. BH has tendered the Underlying Suit to Northland for defense and indemnity pursuant to Policy No.WS094793.

11. Northland has failed and refused to provide a defense to BH under Policy WS094793 since April 27, 2015. (Ex. 3.)

12. Northland has denied its duty to indemnify BH under Policy No. WS094793 since April 27, 2015. (Ex. 3.)

**COUNT I: DECLARATORY JUDGMENT RE DUTY TO DEFEND**

13. BH reasserts the allegations contained in the previous paragraphs of the Complaint.

14. Policy No.WS094793 provides Liability Coverage in Section I, stating: "We" will pay those sums that the insured becomes legally obligated to pay because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies. We will have the right and duty to defend the insured against any suit seeking those damages.

However, we will have no duty to defend the insured against any suit seeking damages for bodily injury or property damage to which this insurance does not apply.

15. Policy No.WS094793 contains the following definition governing the scope of coverage provided by the Policy:

**DEFINITIONS**

**"Occurrence"** means:

an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

16. The Underlying Suit alleges an occurrence resulting in Buckles' death which occurred on April 28, 2014, during the applicable policy period. The Underlying Suit alleges, among other things, that Buckles was overcome by exposure to hydrocarbon (petroleum) vapors due to wrongful acts and omissions. (Ex. 2.) The Underlying Suit alleges Buckles suffered bodily injury for an appreciable period of time, and ultimately death. The parties to the Underlying Suit dispute the cause of death.

17. In denying coverage, Northland does not assert that the Underlying Suit falls outside the scope of the Policy's insuring agreement as described in Section I; instead, Northland asserts that Policy exclusions preclude coverage. (Ex. 3.)

18. Pursuant to the Policy as interpreted by Montana law, Northland owes a duty to defend BH in the Underlying Lawsuit because the claims against the insured fall within the Policy's coverage.

19. "Exclusions from coverage will be narrowly and strictly construed because they are contrary to the fundamental protective purpose of an insurance policy." *Revelation Industries, Inc. v. St. Paul Fire & Marine Ins. Co.*, 2009 MT 123, ¶ 46, 350 Mont. 184, 206 P.3d 919. Northland failed to narrowly construe the Policy exclusions when analyzing coverage.

20. When a question exists as to the applicability of coverage, the insurer must defend its insured. *Tidyman's Management Services, Inc. v. Davis ("Tidyman's I")*, 2014 MT 205, ¶ 24, 376 Mont. 80, 94, 330 P.3d 1139, 1149, citing *State Farm Mut. Auto. Ins. Co. v. Freyer*, 2013 MT 301, ¶ 37, 372 Mont. 191, 312 P.3d 403; *Palmer by Diacon v. Farmers Ins. Exch.*, 261 Mont. 91, 102–03, 861 P.2d 895, 902 (1993).

21. An insurer owes a duty to defend "unless there exists an unequivocal demonstration that the claim against an insured does not fall within the insurance policy's coverage." *Staples v. Farmers Union Mutual Ins. Co.*, 2004 MT 108, ¶ 22, 321 Mont. 99, 90 P.3d 381.

22. Northland has failed to make the unequivocal demonstration that the claims against BH do not fall within the Policy coverage. Moreover, Northland has not established unequivocally that any exclusion precludes the possibility of coverage for all claims. Therefore, Northland has breached the duty to defend.

23. As a result of its breach of the duty to defend, Northland has waived, or is estopped from asserting, all indemnity defenses and policy limits otherwise

contained within the Policy.

24. BH has suffered damages as a result of Northland's breach, including costs of defense in the Underlying Suit, and costs of defense in this declaratory action.

25. BH is entitled to attorney fees and costs incurred in this declaratory action. *Trustees of Indiana University v. Buxbaum,* 2003 MT 97, ¶ 41, 315 Mont. 210, 217, 69 P.3d 663, 668 (2003); § 27-8-313, MCA.

**COUNT II: DECLARATORY JUDGMENT RE DUTY TO INDEMNIFY**

26. BH reasserts the allegations contained in the previous paragraphs of the Complaint.

27. As set forth fully above, Policy No.WS094793 provides Liability Coverage in Section I, providing that Northland will pay sums that BH becomes legally obligated to pay because of "bodily injury" or "property damage" caused by an "occurrence."

28. The Underlying Suit sets forth a claim for bodily injury caused by an "occurrence" which took place during the applicable Policy period. No exclusions preclude coverage. Thus, Northland has an obligation to pay all sums for which BH becomes liable in the Underlying Suit.

29. In addition, BH has breached its duty to defend, and is therefore liable for all defense costs and judgment in the Underlying Suit, irrespective of potential policy defenses. "Where the insurer refuses to defend a claim and does so unjustifiably, that insurer becomes liable for defense costs and

judgments." *Staples*, 321 Mont. at 105, 90 P.3d at 385, quoting *Lee v. USAA Cas. Ins. Co*, 320 Mont. 174, 179, 86 P.3d 562, 565 (2004).

30. BH has suffered damages as a result of Northland's breach of its duty to indemnify, including costs of defense in the Underlying Suit, and costs of defense in this declaratory action, and any amounts paid for judgment, settlement, or resolution of the Underlying Suit.

31. BH is entitled to attorney fees and costs incurred in this declaratory action. *Trustees of Indiana University v. Buxbaum,* 2003 MT 97, ¶ 41, 315 Mont. 210, 217, 69 P.3d 663, 668 (2003); § 27-8-313, MCA.

**WHEREFORE,** Plaintiff prays that this Court:

1. Declare that Northland has a duty to defend BH in the Underlying Suit.
2. Declare that Northland has breached the duty to defend BH in the Underlying Suit.
3. Declare that Northland has a duty to indemnify BH for any judgment, settlement, or resolution of the Underlying Suit.
4. Declare that Northland has a duty to reimburse BH for any fees and costs incurred in the Underlying Suit since date of tender.
5. Declare that Northland is liable for BH's attorney's fees and costs in this action.
6. For an award of damages for breach of the Policy.
7. For costs of suit.
8. For such other and further relief as the Court deems just and proper.

DATED this 11th day of March, 2020.

                                    /s/ Randall G. Nelson
                                    Randall G. Nelson
                                    NELSON LAW FIRM, P.C.
                                    SHEEHY LAW FIRM
                                    ATTORNEYS FOR PLAINTIFF